FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 08 2024

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE LOUISE TRUJILLO,<br><br>Defendant. | Cr. No. 23-00748-KWR |

### PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, JOSE LOUISE TRUJILLO, and the Defendant's counsel, John C. Anderson, Esq.:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a.    to plead not guilty, or having already so pleaded, to persist in that plea;

    b.    to have a trial by jury; and

    c.    at a trial:

        i.    to confront and cross-examine adverse witnesses,

        ii.    to be protected from compelled self-incrimination,

1

      iii.    to testify and present evidence on the Defendant's own behalf, and

      iv.    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to the following offenses:

   a. Count 1 of the indictment, charging a violation of 18 U.S.C. § 371, that being Conspiracy;

   b. Count 5 of the indictment, charging a violation of 18 U.S.C. § 245(b)(1)(A), that being Interference with Federally Protected Activities;

   c. Count 9 of the indictment, charging a violation of 18 U.S.C. § 924(c)(1)(A)(iii), that being Using and Carrying a Firearm During and in Relation to a Crime of Violence and Discharging Said Firearm; and

   d. The sole count of the information, filed contemporaneously with this plea agreement, charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that being Possession with Intent to Distribute Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide).

## SENTENCING

4. The Defendant understands that the minimum and maximum penalties provided by law for these offenses are:

   a. As to Count 1, imprisonment for a period of not more than five years; a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim; a term of supervised release of not more than three years to follow any term of imprisonment (If the Defendant

        serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release); a mandatory special penalty assessment of $100.00; and restitution as may be ordered by the Court.

b.     As to Count 5, imprisonment for a period of not more than ten years; a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim; a term of supervised release of not more than three years to follow any term of imprisonment (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release); a mandatory special penalty assessment of $100.00; and restitution as may be ordered by the Court.

c.     As to Count 9, imprisonment for a period of not less than ten years and up to life imprisonment, to run consecutive to any other term of imprisonment imposed; a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim; a term of supervised release of not more than five years to follow any term of imprisonment (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's

supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release); a mandatory special penalty assessment of $100.00; and restitution as may be ordered by the Court.

  d. As to the sole count of the information, imprisonment for a period of not more than twenty years; a fine not to exceed the greater of $1,000,000 or twice the pecuniary gain to the Defendant; a term of supervised release of ~~not more~~ no less than three years to follow any term of imprisonment (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release); and a mandatory special penalty assessment of $100.00. 

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes. The Defendant further recognizes that while the Defendant's attorney may have made a prediction or estimate of the sentence that the Court may impose, the Defendant understands that the Court is not bound by any such estimate or prediction.

### **ELEMENTS OF THE OFFENSE**

6. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 18 U.S.C. § 371, that being Conspiracy,

    *First*:     The defendant agreed with at least one other person to violate the law.

    *Second*:     One of the conspirators engaged in at least one overt act furthering the conspiracy's objective.

    *Third*:     The defendant knew the essential objective of the conspiracy.

    *Fourth*:     The defendant knowingly and voluntarily participated in the conspiracy.

    *Fifth*:     There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

Count 5: 18 U.S.C. § 245, that being Interference with Federally Protected Activity,

    *First*:     The defendant willfully intimidated or attempted to injure or intimidate another person.

    *Second*:     The defendant did so by force or threat of force.

    *Third*:     The defendant did so because the victim is or has been involved in federally protected activity.

    *Fourth*:     Such acts included the use of a dangerous weapon.

Count 9: 18 U.S.C. § 924(c)(1)(A)(iii), that being Using and Carrying a Firearm During and in Relation to a Crime of Violence and Discharging Said Firearm,

    *First*:     The defendant committed a crime of violence, specifically, the crime of interfering with federally protected activities, as charged in Count 5 of the indictment;

    *Second*:     The defendant used or carried a firearm;

    *Third*:     During and in relation to the interference with federally protected activities; and

    *Fourth*:     The firearm was discharged.

Information: 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that being Possession with Intent to Distribute Fentanyl,

    *First*:     the defendant knowingly or intentionally possessed a controlled substance;

  *Second*:  the substance was in fact fentanyl (N-phenyl-N-[1-(2-phenylethyl)-
       4-piperidinyl] propenamide); and

  *Third*:  the defendant possessed the fentanyl with intent to distribute it.

## DEFENDANT'S ADMISSION OF FACTS

7. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offenses to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

  a. My name is Jose Louise Trujillo. My father is co-defendant DEMETRIO TRUJILLO.

  b. I met co-defendant SOLOMON PEÑA through the individuals identified in the indictment as CO-CONSPIRATOR 3 and CO-CONSPIRATOR 4.

  c. I helped PEÑA with his political campaign in 2022 to become the District 14 representative in the New Mexico House of Representatives. I assisted him in various ways. For example, he paid me to let him use my bank account to channel approximately $5,155 to his political campaign, and I agreed.

  d. As the November 2022 election approached, PEÑA began saying that the election would be rigged against him. On November 7, 2022, the election took place and PEÑA lost his race. He immediately claimed to me and others that the election had been rigged against him.

6

e. After November 7, 2022, PEÑA decided to pressure the members of the Bernalillo County Board of Commissioners to refuse to certify the results of the election. He paid me to help, and I agreed.

f. On November 12, 2022, PEÑA provided me the address of VICTIM 1, an election official. He paid me to break windows and slash tires at that address, and I accepted the money.

g. On November 19, 2022, PEÑA told me to provide the address of VICTIM 1 to my father, DEMETRIO TRUJILLO, and I did, understanding that PEÑA was seeking more assistance in intimidating persons because they served as election officials or because they had been candidates for elective office.

h. On November 21, 2022, the Bernalillo County Board of Commissioners voted to certify the results of the election that PEÑA lost. PEÑA and I determined to move forward with his plan to intimidate his political targets.

i. PEÑA worked with DEMETRIO TRUJILLO and others, including CO-CONSPIRATORS 1 through 4, to carry out drive-by shootings at the residences of VICTIM 1 and VICTIM 2 on December 4, 2022, and December 8, 2022, respectively.

j. On December 11, 2022, PEÑA and I drove to the residence of VICTIM 3, an election official whom PEÑA targeted because of their position, and we carried out a shooting intended to intimidate VICTIM 3. PEÑA provided a gun which I fired at the residence.

k. On January 3, 2023, PEÑA, DEMETRIO TRUJILLO, and I drove to the residence of VICTIM 4, a former candidate for elective office whom PEÑA

7

        targeted because of their position, and we carried out a shooting intended to intimidate VICTIM 4.

l.    After the shooting on January 3, 2023, I was lawfully stopped by a deputy of the Bernalillo County Sheriff's Office while I was driving PEÑA's Nissan Maxima. The deputy lawfully placed me under arrested and searched the car.

m.    During the search, deputies found a Glock 17 Gen 4 pistol with a drum magazine and a full-auto selector switch, serial number VDS372, an American Tactical 300 Blackout AR-15 pistol, serial number NS335933, and approximately 85 bullets, items that PEÑA, DEMETRIO TRUJILLO, and I had used to carry out the shooting just prior to my arrest.

n.    Deputies also found approximately 893 pills (approximately 96 grams) of fentanyl and $3,036 in cash in the center console of the car. The fentanyl pills were mine and I intended to distribute them for profit.

8.    By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## **RECOMMENDATIONS**

9.    Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

a.    As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the

Defendant's criminal conduct. Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b). This reduction is contingent upon the Defendant personally providing to the United States Probation Officer who prepares the presentence report in this case an appropriate oral or written statement in which the Defendant clearly establishes the Defendant's entitlement to this reduction. Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include, but is not limited to, committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court may set.

b. The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the

Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

10. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

11. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

12. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

15. By signing this plea agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the Defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, the Defendant understands that if the court rejects the plea agreement, whether or not the Defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and the Defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## **RESTITUTION**

16. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A, if applicable; if § 3663A is not applicable, the Court will enter an order of restitution pursuant to 18 U.S.C §§ 3663 and 3664. The Defendant agrees and acknowledges that, as part of the Defendant's sentence, the Court is not limited to ordering restitution only for the amount involved in the particular offense or offenses to which the Defendant is entering a plea of guilty,

but may and should order restitution resulting from all of the Defendant's criminal conduct related to this case.

17. In this case, the Defendant agrees to pay restitution in a total principal amount to be determined by the Court, for which the Defendant may be responsible jointly and severally with his co-defendants, which is payable to the United States District Court Clerk. No later than July 1 of each year after sentencing, until restitution is paid in full, the Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, P.O. Box 607, Albuquerque, New Mexico 87103, (1) a completed and signed financial statement provided to the Defendant by the United States Attorney's Office and/or the United States Probation Office and (2) a copy of the Defendant's most recent tax returns.

## **FORFEITURE**

18. The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

19. The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

    a. A Glock 17 Gen 4 pistol with a drum magazine and a full-auto selector switch, serial number VDS372,

      b. An American Tactical 300 Blackout AR-15 pistol, serial number NS335933, and

      c. The approximately 85 bullets seized from the vehicle Defendant was driving on January 3, 2023.

20. The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

21. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

22. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

23. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and sentence, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence.

24.     The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range.

25.     The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a).

26.     In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

27.     The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

## WAIVER OF STATUTE OF LIMITATIONS

28.     It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the defendant's intent in entering this Plea Agreement to waive all defenses based on the statute of

limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

## GOVERNMENT'S ADDITIONAL AGREEMENT

29. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

    a. Following sentencing, the United States will move to dismiss Counts 2-4, 6-8, 10 and 11.

    b. Following sentencing, the United States will move to dismiss the § 924(c)(1)(B) allegation in Count 9.

    c. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

30. This agreement is limited to the United States Attorney's Office for the District of New Mexico and the Public Integrity Section of the Criminal Division of the Department of Justice, and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

31. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

32. The Defendant agrees that the Defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, the Defendant: (a) fails to perform or to fulfill

completely each and every one of the Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw the Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and the Defendant will not have the right to withdraw the guilty plea. The Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution. If the Defendant has pleaded guilty to any lesser-included offense(s), the Defendant's violation of this plea agreement will result in reinstatement of the greater offense(s). The Defendant waives any claim that the Defendant's guilty plea under the rejected agreement bars prosecution of any additional offenses on double-jeopardy grounds. Additionally, in the event of such a breach, the United States will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the Defendant and any of the information or materials provided by the Defendant at any time, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any interviews, conversations, or debriefings conducted in anticipation of, or after entry of this Plea Agreement, including the Defendant's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The Defendant understands that Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The Defendant knowingly and voluntarily waives the rights arising under these rules.

## SPECIAL ASSESSMENT

33.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $<u>400</u> in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

34.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this <u>8</u> day of <u>January</u>, 2024.

ALEXANDER M.M. UBALLEZ
United States Attorney

/s/
JEREMY PEÑA
PATRICK CORDOVA
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274

COREY R. AMUNDSON
Chief, Public Integrity Section
Criminal Division, U.S. Department of Justice

*/s/ Ryan R. Crosswell*
RYAN R. CROSSWEL
Trial Attorney
1301 New York Ave. NW
Washington, D.C. 20005
(202) 616-5699

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

JOHN C. ANDERSON
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

JOSE LOUISE TRUJILLO
Defendant