IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                     Criminal No. 23-cr-748 KWR

SOLOMON PENA, DEMETRIO TRUJILLO,
and JOSE TRUJILLO,

        Defendants.

**DEFENDANT PENA'S RESPONSE TO THE UNITED STATE'S NOTICE OF INTENT TO OFFER EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

        COMES NOW the Defendant, SOLOMON PENA, by and through his attorney of record, ELIZABETH A. HONCE, ESQ., and responds to the United States' Notice of Intent to Offer Evidence pursuant to Federal Rule of Evidence 404(b), as follows:

1. The Defendant Pena and the Government have agreed to a stipulation which will be read to the jury, indicating the Defendant's prior felony convictions, which will obviate the need to introduce the physical records of conviction as physical evidence, as the Defendant intends to testify in this matter.

2. However, under Rule 404(b), if the Government seeks to go probe into the record of conviction more than just for the sake of the Defendant's admitting that he is a convicted felon and knew he was a convicted felon at the time of these alleged acts, and that his crimes were crimes of moral turpitude, then the Government would have to prove that the evidence they wish to present passes the test for admissibility in order to be relevant.

3. The evidence sought to be introduced as relevant regarding this conviction in this motion is contradicted by the Co-Defendants' statements in their plea agreements, in that Defendant Pena procured the firearms and gave them to the Co-Defendants, with, first,

1

Jose Trujillo specifically stating in his plea agreement filed January 8, 2024, under No. 7:

"j. …PENA provided a gun which I fired at the residence,"  This also contradicts Jose

Trujillo's first FBI interview while in the custody of APD, on January 4, 2024, where he

indicated that Defendant Pena only loaned him a car and that the guns and drugs found in

the vehicle  belonged to Jose alone, and that he bought them from a guy on the street

which he would prefer not to mention.

4.   Additionally, the Government has misinterpreted the text from Defendant Pena to his

girlfriend to falsely state that Defendant Pena's convictions were misdemeanors, when

Defendant Pena is referring to Jose Trujillo, that, to his knowledge, Jose Trujillo had prior

misdemeanor convictions but was not prohibited from purchasing and owning firearms,

which was a true statement.  This does not demonstrate any concern about Defendant

Pena's being tied to firearms, but is stating to his girlfriend that he did not think that  Jose

could get in trouble for possessing a firearm.

5.   Regardless, admissibility for this evidence would be "constrained by the requirements of

similarity and temporal proximity."  Rule 404(b), quoting *Beckelheimer,* 726 S.E. 2nd at

159, quoting *State v. Al Bayyinah,* 356 N.C. App, 609, 612-13 (2011).  The crimes of

which Defendant Pena was convicted were not similar to Receiving Stolen Property or

Conspiracy to Receive Stolen Property, two counts of Commercial Burglary, one count of

Contributing to the Delinquency of a Minor, two counts of Larceny, or two counts of

Conspiracy to Commit Commercial Burglary.  These convictions are for crimes of moral

turpitude.  They do not involve guns or violence or election interference under 18 U.S.C

245.

6.  If the Government intends to use Defendant Pena's convictions for three counts of

Conspiracy in the past to show that he has a propensity for forming conspiracy, Under

Rule 404(b)(B), "Evidence of other crimes, wrongs, or acts is not admissible to prove the

character of a person in order to show that he or she acted in conformity with that character.  N.C.R. EVID. 404(b).   "

7.   Additionally, the crimes he was convicted of were Conspiracy to Commit two Counts of Commercial Burglary and one count of Conspiracy to Commit Receiving Stolen Property bear no similarity to what the Defendant Pena now stands accused of.  Under Rule 404(b)(C), the evidence must be "sufficiently similar to the act in question" or share some unusual facts that go to a purpose other than propensity."  (See *Beckelheimer,* 726 S.E.2d at 159).  Defendant Pena asserts that evidence of committing Conspiracy to Commit Commercial Burglary and Receiving Stolen Property is not intrinsic as asserted by the Government under *United States v. Wesley,* 417 F.3d 612, 621-22 (6th Cir. (2005).  In *Wesley,* the evidence was a video of Wesley telling a person he hoped to recruit into a bank robbery that he and a previous co-conspirator never testified against one another in a prior charge that he committed with another person and that they went to prison together.  In that case, the acts were similar and the Court ruled that is was admissible as *res gestae* evidence.  This case is distinct from the *Wesley* case, Defendant Pena would submit, and evidence of the fact of any type of conspiracy would not be admissible for purposes of motive or propensity.

8.   Defendant Pena asserts that the fact that he was convicted of engaging in a conspiracy to Receive Stolen Property or to Commit Commercial Burglary does not show motive to involve others in the present unrelated, non-similar charges he stands accused of in this case. In *Huddleston v. United States,* 485 U.S. 681, 688, 699 (1988), the Court ruled that "other acts" could be admissible under Rule 404(b) to demonstrate motive and intent, but, again, *Huddleston* is distinguishable from this case in that Huddleston was charged with possession of stolen videotape cassettes, Evidence that Huddleston was involved in the prior sale of stolen  televisions and appliances that he obtained from the same source as the videocassettes was relevant as going to his knowledge that the videocassettes were

stolen, also.  Again, in this case the crimes Defendant Pena stands accused of and his prior convictions have no nexus, nothing to do with each other.  They are distinct and different.  Defendant Pena asserts that they would not be admissible under Rule 404(b) as "other acts."

9.   As to any allegations made by Defendant Jose Trujillo that Defendant Pena told him he was planning on targeting other election officials and had a list of potential targets, in the future, the Government asserts that this statement is intrinsic evidence because it demonstrates an objective to carry out wide-reaching violence to interfere with federally protected election activities and that it is "inextricably intertwined with the charged crimes," and it is "entirely germane background information…directly connected to the factual circumstances of the crime." Citing *United States v. Kupfer,* 797 F.3d 1233, 1238 (10th Cir. 2015).  They then quote *Huddleston* again, at page 699, that the Government can introduce this statement as proof of Defendant Pena's "motive, knowledge, intent, and plan." (See *Id.* p.699).  The Government does not need to elicit this inflammatory statement in order to present their case against Defendant Pena and deals with future actions alleged to have been stated by Defendant Pena, where *Huddleston* deals with past actions of Huddleston and the connection between that and the crime he was presently charged with.

10. The Government is supposed to be dealing in this matter with crimes alleged to have been committed, and the statement of Defendant Jose Trujillo has no probative value, but is simply intended to inflame the jury. As to admissibility under *Kupfer,* that case is distinguishable from this case, in that Defendant Jose Trujillo's statement is not intertwined background information, but is simply presented to prejudice Defendant Pena and inflame the jury.  In other words, it is a wink and a nod to the jury by the Government that the jury had better convict as Defendant Pena has a list of offenses he intends to carry out in the future.  The danger of prejudice far outweighs the probative value of the

4

uncorroborated statement under the Federal Rule of Evidence Rule 403 balancing test and it should not be admitted.

11. The allegation by the Government that Defendant Pena complained to someone that his Co-Defendants may testify against him does not constitute an admission by a party opponent under Fed. Rule of Evid. 801(d)(2)(a) or show consciousness of guilt. It is just as likely that maybe Defendant Pena is just talking about his case.  Maybe his Co-Defendants have now made statements against him, when in the past they made contrary or inconsistent statements both against him and exonerating him in their past interviews, and now have changed their stories in their plea agreements, because they want a deal from the Government and are lying.  It is just as likely that Defendant Pena may be angry because he knows they are lying.  The only thing it is evidence of knowledge of is that Defendant Pena is upset he is being framed by these two other individuals, which is not evidence of anything.

12. Defendant asserts that the information regarding his convictions in the past should be limited to the stipulation of the parties and the weight to be given to his testimony but not for other purposes, and the statement by Defendant Jose Trujillo regarding his allegation that Defendant Pena was planning to target additional victims should be excluded as more prejudicial than probative.


Dated May 8, 2024


                                            Respectfully submitted,




                                            By:____/s/ Elizabeth A. Honce_____
                                            ELIZABETH A. HONCE, ESQ.
                                            Attorney for Defendant Solomon Pena

HONCE LAW OFFICE LLC

7800 Phoenix NE, Suite C

Albuquerque, NM 87110
(505) 410-3861
ehoncelawyer@yahoo.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 8, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notic e of Electronic Filing:

Assistant United States Attorney Jeremy Pena

Assistant United States Attorney Patrick Cordova

Senior Litigation Counsel Ryan Crosswell

**COUNSEL FOR THE UNITED STATES**

   */s/__Elizabeth A. Honce, Esq._____*

Elizabeth A. Honce, Esq.

6