IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                      1:23-cr-00748-KWR

SOLOMON PENA,

    Defendant.

**AMENDED ORDER**

THIS MATTER comes before the Court upon Defendant's Motion to Continue Trial and Deadlines (Doc. 240), filed August 27, 2024. In the Motion, defense counsel states that she has been informed that her brother is very ill and expected to pass away this week. Doc. 240. Because Ms. Honce's brother lives in West Virginia, she must travel to see him and assist with funeral arrangements. *Id*. Therefore, defense counsel asked this court for a two-week continuance of the trial setting of September 16, 2024, and an extension of deadlines. *Id*. This Court notified the parties of a hearing on Defendant's motion for a two-week continuance scheduled for September 6, 2024. Doc. 241. This Court denied Defendant's request to extend deadlines. Doc. 242 This Court has decided to *sua sponte* amend its August 27, 2024, order denying Defendant's request to extend deadlines. Defendant's request to extend deadlines is **DENIED**.

Federal Rule of Criminal Procedure 45(b) states, "when an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made: (A) before the originally prescribed or previously extended time expires; or (B) after the time expires if the party failed to act because of excusable neglect." " '[G]ood cause'

requires a greater showing than 'excusable neglect.' " *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 175 (10th Cir. 1996). Excusable neglect requires "some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) citing, *Id*. "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Bishop*, 371 F.3d at 1207 (internal quotation marks omitted) (interpreting good cause for an extension of time to appeal under Fed. R. App. P. 4(a)(5)). It requires the moving party to show the deadline "cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Good cause requires "at least as much as would be required to show excusable neglect." *Utah Republican Party*, 678 Fed.Appx. at 700 citing, *Broitman*, 86 F.3d at 175.

Here, despite the unfortunate circumstances under which defense counsel moves this Court for an extension of deadlines and a continuance of the trial date by two weeks, this Court finds as it relates to deadlines, Defendant's motion fails to satisfy either the good cause or the excusable neglect standards. Defendant's continuance and extension of deadline request is his third within the span of three weeks. Defendant filed the latest, August 27, 2024, motion asking this Court to extend deadlines, however, fails to specify which deadlines he seeks to extend. On May 10, 2024, the Court set multiple deadlines in an amended scheduling order. *See* Doc. 164. The deadline to file motions *in limine* expired on July 11, 2024, and the deadline to respond to those motions ran on July 25. On August 8, 2024, exhibit lists, witness lists, proposed jury instructions, and proposed voir dire were due. Finally, on August 27, 2024, objections to exhibit lists, witness lists, jury instructions, and voir dire were due.

Under the good cause standard, while defense counsel outlines a situation beyond her control and without fault, she has not shown how the deadlines, most of which have already passed, cannot be met as the grounds for the motion. Defense counsel's continuance request outlines her pending travel because of her brother's imminent passing. However, this Court laid out all of the deadlines in this case well before the current situation cited in the motion at issue. Therefore, even considering the current circumstances, defense counsel's ability to meet this Court's deadlines was well within her control. Ms. Honce asks this Court to extend the trial deadlines on the date in which Defendant's final objections to exhibit lists, witness lists, proposed jury instructions, and proposed voir dire were due. Doc. 164. Defense counsel does not articulate to this Court how or why her upcoming travel and potential funeral arrangements for her brother have impacted her deadlines prior to August 27, 2024, and were not within her control to meet them. Defense counsel's decision to wait until the date that numerous objections were due to ask for an extension for previously expired deadlines does not demonstrate diligence and lacks good cause. *See Utah Republican Party*, 678 Fed.Appx. at 701 citing, *Madden v. Texas*, 498 U.S. 1301, 1304, 111 S.Ct. 902, 112 L.Ed.2d 1026 (1991).

Nor does this Court find Defendant's motion establishes excusable neglect. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 873, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In *Pioneer*, the Supreme Court said courts should determine whether a movant has shown excusable neglect by balancing "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). "[T]he most important [*Pioneer*] factor" is the third. *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir.

3

2017). "[A]n inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Id.*; *see also United States v. Torres*, 372 F.3d 1159, 1162-64 (10th Cir. 2004) (finding no excusable neglect where three lesser factors weighed in movant's favor but reason for delay did not). Defendant has not argued or demonstrated that any of these factors have been satisfied. Defendant has not argued or demonstrated how her brother's illness prevented her from satisfying the deadlines that have come and gone. Therefore, this Court does not find Defendant's motion establishes excusable neglect.

   **IT IS THEREFORE ORDERED** for the reasons stated above, that Defendant's Motion to Continue Trial and Deadlines (Doc. 240) is **DENIED IN PART** as it relates to the extension of deadlines. The hearing as to continuing trial remains in place. This Court's August 27, 2024, order (Doc. 242) is amended pursuant to this order.

                   \_\_\_\_/S/_____
                   KEA W. RIGGS
                   UNITED STATES DISTRICT JUDGE