UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIM. NO. 1:23-cr-00748-KWR |
| vs. ) | |
| ) | |
| **SOLOMON PEÑA**, ) | |
| ) | |
| Defendant. ) | |

## JOINT STATEMENT OF THE CASE

The United States and Counsel for Defendant respectfully submit the following proposed joint statement of the case:

The United States alleges that between on or about November 12, 2022, and on or about January 3, 2023, in Bernalillo County, in the District of New Mexico, the Defendant, SOLOMON PEÑA, DEMETRIO TRUJILLO, and JOSE LOUISE TRUJILLO, knowingly, unlawfully, and willfully combined, conspired, confederated, agreed, and acted interdependently with one another and with others known and unknown to the Grand Jury to commit the following offenses:

1. Interference With Federally Protected Activities, contrary to 18 U.S.C. § 245;

2. Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Possessing a Firearm in Furtherance of Such Crime, Discharging Said Firearm, contrary to 18 U.S.C. § 924(c)(l)(A)(iii) and (c)(1)(B)(ii); and

3. Felon in Possession of a Firearm and Ammunition, contrary to 18 U.S.C. § 922(g).

In violation of 18 U.S.C. § 371.

The United States also alleges that in the District of New Mexico:

1. Defendant, on or about December 4, 2022, by force and threat of force, did willfully intimidate and interfere with, and attempt to injure, intimidate, and interfere with VICTIM l, by shooting at VICTIM l's residence with a firearm, and such acts included the use of a dangerous weapon, because VICTIM 1 was and had been a legally authorized election official in violation of 18 U.S.C. §§ 245(b)(1)(A) and 2;

2. Defendant, on or about December 8, 2022, by force and threat of force, did willfully intimidate and interfere with, and attempt to injure, intimidate, and interfere with VICTIM 2, by shooting at VICTIM 2's residence with a firearm, and such acts included the use of a dangerous weapon, because VICTIM 2 had qualified and campaigned as a candidate for elective office and in order to intimidate VICTIM 2 from campaigning as a candidate for elective office in violation of 18 U.S.C. §§ 245(b)(1)(A) and 2.

3. Defendant, on or about December 11, 2022, by force and threat of force, did willfully intimidate and interfere with, and attempt to injure, intimidate, and interfere with VICTIM 3, by shooting at VICTIM 3's residence with a firearm, and such acts included the use of a dangerous weapon, because VICTM 3 was and had been a legally authorized election official in violation of 18 U.S.C. §§ 245(b)(1)(A) and 2.

4. Defendant, on or about January 3, 2023, by force and threat of force, did willfully intimidate and interfere with, and attempt to injure, intimidate, and interfere with VICTIM 4, by shooting at VICTIM 4's residence with a firearm, and such acts included the use of a dangerous weapon, because VICTIM 4 had qualified and campaigned as a candidate for elective office and in order to intimidate VICTIM 4 from campaigning as a candidate for elective office in violation of 18 U.S.C. §§ 245(b)(1)(A) and 2.

5. Defendant, on or about December 4, 2022, December 8, 2022, and December 11, 2022,

knowingly used and caried a firearm, during and in relation to a crime of violence for which the Defendant may be prosecuted in a court of the United States, specifically, interference with federally protected activities with use of a dangerous weapon contrary to 18 U.S.C. § 245, and the firearm was discharged in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

6. Defendant, on or about January 3, 2023, knowingly used and carried a firearm, to wit: a machinegun as defined in 26 U.S.C. § 5845(b), during and in relation to a crime of violence for which the Defendant may be prosecuted in a court of the United States, specifically, interference with federally protected activities with use of a dangerous weapon contrary to l8 U.S.C. § 245 and the firearm was discharged in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(c)(1)(B)(ii), and 2.

7. Defendant, on or about January 3, 2023, knowing that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition in and affecting commerce in violation of l8 U.S.C. §§ 922(g)(1) and 924.

8. And Defendant, with the intent that others kill and attempt to kill a witness with the intent to prevent that witness's attendance and testimony in an official proceeding, contrary to 18 U.S.C. § 1512(a)(1)(A), and under circumstances strongly corroborative of that intent, did solicit, induce and endeavor to persuade others to engage in conduct as follows:

    a. between on or about June 7, 2023, and on or about June 30, 2023, Defendant solicited INDIVIDUAL 1 to kill WITNESS 1;

    b. between on or about September 22, 2023 and on or about February 2, 2024, Defendant solicited INDIVIDUAL 2 to kill WITNESS 1; and

    c. between on or about September 22, 2023 and on or about February 2, 2024, Defendant solicited INDIVIDUAL 2 to kill WITNESS 2.

The Defendant denies these allegations.

Respectfully submitted,

| | |
|---|---|
| ALEXANDER M.M. UBALLEZ | COREY R. AMUNDSON |
| UNITED STATES ATTORNEY | CHIEF, PUBLIC INTEGRITY SECTION |

/s/ *Patrick E. Cordova*  
PATRICK E. CORDOVA  
JEREMY PENA  
Assistant United States Attorneys  
P.O. Box 607  
Albuquerque, N.M. 87103  
(505) 224-1413

/s/ *Ryan Crosswell*  
RYAN CROSSWELL  
Trial Attorney  
Public Integrity Section  
1301 New York Ave NW  
Washington, DC 20530  
(202) 330-1295

APPROVED BY:

/s/ *via email on September 9, 2024*  
ELIZABETH A. HONCE  
Attorney for SOLOMON PEÑA

## CERTIFICATE OF SERVICE

    I hereby certify that on September 9, 2024, I filed the foregoing document electronically through the CM/ECF system, which caused the forgoing to be served on all counsel of record.

/s/ *Ryan R. Crosswell*  
Ryan R. Crosswell  
Trial Attorney